Sendibel Trading, S.A. v Petróleos de Venezuela S.A. (2025 NY Slip Op 07117)

Sendibel Trading, S.A. v Petr¢leos de Venezuela S.A.

2025 NY Slip Op 07117

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 650617/24|Appeal No. 5412|Case No. 2024-07807|

[*1]Sendibel Trading, S.A. Plaintiff-Respondent,
v
PetrÓleos de Venezuela S.A. et al., Defendants-Appellants.

Vinson & Elkins LLP, New York (Marisa Antonelli of counsel), for appellants.
The Law Offices of Robert M. Fox, New York (Susan Adler of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about November 13, 2024, which, insofar as appealed from, granted plaintiff's motion to deem service sufficient and complete, unanimously affirmed, without costs.
In the note agreement, defendant PetrÓleos de Venezuela S.A. (the Issuer) waived its right to be served pursuant to the Foreign Sovereign Immunities Act (FSIA) (28 USC § 1608[b]). Section 3.01(x) of the agreement states the Issuer is not "entitled to any right of immunity . . . from suit, court jurisdiction, judgment, attachment . . . , set-off or execution of a judgment or from any other legal process or remedy relating to the obligations of the Issuer except for the mandatory notice required pursuant to" a Venezuelan law that is not at issue. In section 9.15(c), the Issuer waived "any immunity . . . from any legal process" and "agree[d] not to assert . . . any claim . . . that it is immune from any legal process (whether through service of notice . . . or otherwise)." Section 9.15(d), in which the Issuer and defendant PDVSA PetrÓleo, S.A. (the Guarantor) irrevocably appointed Corporation Service Company (CSC) as their agent for service of process, states, "Nothing herein shall in any way be deemed to limit the ability of the . . . Noteholders [such as plaintiff] . . . to serve any such legal process in any other manner permitted by applicable law." The applicable law is that of New York.
Even if plaintiff were required to serve the Issuer in accordance with the FSIA, it did so. 28 USC § 1608(b) provides that service "shall be made upon an agency or instrumentality of a foreign state: (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality." As the Issuer admits, the note agreement sets forth a "special arrangement for service," namely, serving CSC. Plaintiff complied by delivering a copy of the summons and complaint to CSC (see Pharo Gaia Fund, Ltd. v PetrÓleos de Venezuela, S.A., 2024 WL 917608, *2, 2024 US Dist LEXIS 37491, *4, [SD NY, Mar. 4, 2024, Case No. 23-cv-10071-JSR], vacated on other grounds 2025 WL 1380685, 2025 US Dist LEXIS 89973 [May 12, 2025]). Plaintiff is not at fault for the fact that CSC rejected service (see G&A Strategic Invs. I LLC v PetrÓleos de Venezuela, S.A., 2024 WL 4520067, *2, 2024 US Dist LEXIS 191008, *8, [SD NY, Oct. 17, 2024, 23-cv-10766 (JSR), 23-CV-10772 (JSR)] ["The fact that CSC, after receipt of service, refused to forward it to (the Issuer) does not render service ineffective under FSIA"]). Under section 9.15(d) of the note agreement, it was the Issuer's obligation to "promptly" appoint a new agent if CSC "for any reason . . . shall cease to be available to act."
Deeming plaintiff's service proper is also consistent with the objective of the FSIA "to facilitate the bringing of suits against foreign governments, arising out of commercial activity, in United States courts" (Velidor v L/P/G Benghazi, 653 F2d 812, 816-817 [3d Cir 1981], cert dismissed 455 US 929 [1982]).
Defendants received timely actual notice of this action. Thus, the Guarantor's argument that it was deprived of due process is unavailing. Its contention that plaintiff did not meet the requirements for service of process is also unavailing (see Aybar v Aybar, 37 NY3d 274, 290 n 8 [2021] ["there can be no question that service on the foreign corporation's designated agent is the equivalent of actual service on the foreign corporation" (ellipsis and internal quotation marks omitted)]; CPLR 311[a][1]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025